## United States District Court, Northern District of Illinois ORIGINAL

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1740 | **DATE** | 10/17/2001 |
| **CASE TITLE** | Timothy White, et al. Vs. Kenneth Warren & Son, Ltd, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to compel the production of documents requested in its second document request [108-1] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 1 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 125 |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | 10/17/2001 | |
| | | 01 OCT 17 PM 6: 14 | date mailed notice | |
| DK | courtroom deputy's initials | | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


TIMOTHY DOUGLAS WHITE and WILSON )
PETER COTTON, as Personal Representatives )
of the ESTATE OF GERALD SEGELMAN, )
)
      Plaintiffs, )   No. 99 C 1740
)
      v. )   Magistrate Judge Morton Denlow
)
KENNETH WARREN & SON, LTD., BEIN & )
FUSHI, INC. and HOWARD GOTTLIEB, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

This case presents the issue of whether a settlement agreement, its accompanying documents and negotiation documents between a plaintiff and a former defendant are discoverable by a co-defendant. This Court holds the settlement agreement and related agreements, if any, are discoverable pursuant to a protective order; however, any documents or discovery directed to the settlement negotiations are not to be produced.

### I. BACKGROUND FACTS

Plaintiffs are the executors of the Estate of Gerald Segelman. Segelman, a resident of London, England, died in 1992, leaving a collection of classic violins in his estate. Plaintiffs retained Peter Biddulph, an international violin dealer, to sell the estate's musical instruments. Biddulph sold a portion of the estate's instruments to the three defendants in this litigation, Kenneth Warren & Son, Ltd., ("Warren"), Bein & Fushi, Inc. ("B&F") and

Howard Gottlieb ("Gottlieb"). Warren and B&F are dealers of classical violins. Gottlieb is an accomplished concert violinist.

Plaintiffs allege that Warren, B&F and Gottlieb conspired to purchase certain classical violins from Biddulph and one another at a price substantially below market value. Plaintiffs seek to recover the difference between what they believe was the true value of the instruments and the amounts for which the instruments were actually sold. There is some overlap in the instruments involving the defendants. The defendants deny any wrongdoing.

On June 5, 2001, Judge Wayne R. Andersen granted the joint motion of Plaintiffs and Gottlieb to dismiss the complaint against Gottlieb with prejudice. As a result, Gottlieb is no longer a party to this lawsuit. Warren served Plaintiffs with a second request for production of documents which seeks the production of:

> Any and all documents, including any and all settlement agreements, releases, contracts, correspondence or any other documents of any kind whatsoever, related to the settlement reached between Howard Gottlieb and the plaintiffs with respect to this lawsuit. (Second Request, ¶ 1).

Gottlieb has refused to produce any documents responsive to the request. Warren has filed a motion to compel which B&F has joined. Oral argument was held on September 24, 2001. A protective order governing this litigation was previously entered by Judge Andersen. Gottlieb has provided the Court with *in camera* copies of the documents giving rise to Gottlieb's dismissal.

## II. MOTION TO COMPEL

To determine whether Warren is entitled to disclosure of the requested documents, this Court will examine the competing interests involved in allowing liberal discovery and promoting settlements to analyze how these principles can be harmonized.

### A. DISCOVERY PRINCIPLES

Liberal discovery is permitted in federal courts to encourage full disclosure before trial. Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978). Relevancy for discovery is flexible and has a broader meaning than admissibility at trial. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981).

Warren argues that the settlement documents are relevant to the claim against it and should be produced for several important reasons. First, Warren asserts the settlement is

relevant because it may reduce Warren's potential liability because there is an overlap of claims by Plaintiffs against Gottlieb and Warren. For example, a portion of Warren's alleged liability is premised upon Plaintiffs' assertions that Warren undervalued certain instruments that were subsequently purchased by Gottlieb. Courts have allowed discovery of settlement documents in order to allow parties to ascertain the extent of their liability. *U.S. Equal Employment Opportunity Commission v. Rush Prudential Health Plans*, 1998 WL 156718 (N.D. Ill. 1998). *See also Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986).

In *EEOC v. Rush,* the EEOC filed a motion to compel the production of documents relating to a settlement agreement between the intervening plaintiff and the defendant. *Id.* at 1. The EEOC argued that the amount was relevant to its analysis of whether it should continue the litigation in the public interest. *Id.* This Court found that discovery of the settlement was important to the EEOC for the purpose of determining settlement and litigation strategy. *Id.* at 2. Discovery requests for settlement agreements were analogized to the disclosure of insurance coverage required by Federal Rule of Civil Procedure 26(a)(1)(D), which provides for mandatory initial disclosure of insurance that may satisfy all or part of a judgment. In notes to the amendment that now permits disclosure, the Advisory Committee found that "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed.R.Civ.P. 26 Advisory Committee's note to 1970 Amendment, Subdivison (b)(2). Similarly, the discovery of any settlement agreement

between Gottlieb and Plaintiffs would allow Warren to enter into settlement negotiations and formulate a litigation strategy without speculating as to whether its potential liability has been partially satisfied. This level of certainty is important because "the remaining defendant should not be left to grope blindly in the dark." *Bennett* 112 F.R.D. at 141.

In addition, the discovery could foster settlement talks, which in turn promotes judicial economy. For example, in a claim for $1,000,000 involving overlapping claims against multiple defendants, the fact that one defendant has settled for $0, $100,000 or $750,000 has great strategic significance to the remaining defendants. Such information may promote settlement of the remaining claims and permits the remaining defendants to evaluate their risks in continuing with the litigation.

Similarly in *Bennett*, the court ordered a plaintiff to produce settlement documents concerning a settlement agreement between plaintiff and a co-defendant that were requested by a non-settling defendant. *Bennett*, 112 F.R.D. at 140. In *Bennett*, the defendants had joint liability and the settlement could lead to information that would have offset the liability of the non-settling defendant. *Id.* at 138. The court found that this fact made any settlement relevant and that the discovery request satisfied the Rule 26 standard. *Id.* at 138. This Court agrees with the *Bennett* court in rejecting the analysis of the court in *Bottaro v. Hutton Associates*, 96 F.R.D. 158 (E.D.N.Y. 1982), which reached the opposite conclusion.

In the case at hand, it is undisputed that there are overlapping claims of liability regarding certain instruments. Plaintiffs allege that Warren undervalued certain instruments

that were purchased by Gottlieb. If the allegation proves true, Warren may be liable for some of the claimed damages stemming from instruments purchased by Gottlieb. Discovery of the settlement documents will allow the remaining defendants to assess their remaining liability.

Finally, Warren asserts that the settlement documents should be produced because it may reveal a possible bias on the part of Gottlieb. The Federal Rules of Evidence may allow for the impeachment of Gottlieb to prove bias in the event an agreement exists. Fed.R.Evid. 408, 607. Defendant further contends that the settlement may contain evidence of a *quid pro quo* between Gottlieb and Plaintiff. Because Gottlieb will likely be a witness, the remaining defendants are entitled to learn whether any promises have been made in connection with his dismissal as a party defendant or whether Plaintiffs chose to voluntarily drop their claims against Gottlieb. *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 WL 186705 (E.D. La. 1998) (Finding discovery of settlement agreements is permitted to evaluate a witness' potential bias, interest and credibility). *See also Tribune Co. v. Purcigliotti*, 1996 WL 337277 (S.D.N.Y. 1996); *Griffin v. Mashariki*, 1997 WL 756914 (S.D.N.Y. 1999) (Allowing discovery of settlement agreements on issue of witness bias).

## B. FEDERAL RULE OF EVIDENCE 408

Gottlieb relies upon Fed.R.Evid. 408 as a basis to prevent the requested discovery. In order to encourage settlements between parties, evidence of settlement negotiations are held to be inadmissible. Rule 408 states as follows:

> Evidence of (1) furnishing or offering or promising to furnish,
> or (2) accepting or offering or promising to accept, a valuable

consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its compromise. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay or proving an effort to obstruct a criminal investigation or prosecution.

Allowing discovery of negotiations between parties to an ongoing litigation can have a chilling effect on the parties' willingness to enter into settlement negotiations. *Vardon Golf v. BBMG Golf*, 156 F.R.D. 641, 652 (N.D.Ill. 1992). As a result, courts are wary of permitting disclosure of settlement negotiations. However, Rule 408 "only applies to the admissibility of evidence at trial and does not necessarily protect such evidence from discovery;" therefore, the rules governing discovery are applicable to settlement documents. *Morse/Diesel, Inc. v. Fidelity and Deposit Co.*, 122 F.R.D. 447, 449 (D.N.J. 1988). It has also been found that Rule 408 was "not designed to lock away settlement documents, forever shielding them from view by those not party to the agreement." *Bank Brussels Lambert v. Chase Manhattan Bank*, 1996 WL 71507, 3 (S.D.N.Y. 1996). Further, that court stated Rule 408 encourages settlement by prohibiting the admission of settlement agreements at trial, not by making the settlement information unavailable. *Id.* Ultimately that court reasoned Rule 408 "does not require any special restriction on Rule 26 because discovery rules do not affect admissibility." *Id.*

In the course of negotiations, parties should be allowed to engage in an open give and take discussion without fear that the negotiations will be discoverable. *Bank Brussels Lambert* 1996 WL 71507 at 6 n.1 (recognizing disclosure of offers in ongoing settlement negotiations might adversely affect the settlement process). Warren has not demonstrated how the negotiations, as compared to an actual settlement agreement, may be relevant to the ongoing litigation. Once an agreement is reached, the negotiations are deemed to have merged into the agreement.

## C. BALANCING OF INTERESTS

Although the Court recognizes the right of private parties to contract for confidential settlement terms and the important judicial policy to encourage settlement, this Court finds that disclosing the settlement agreement, if any, between Plaintiffs and Gottlieb promotes this policy. If Gottlieb was dismissed without any monetary consideration, or for substantial monetary consideration, this would be relevant to the issue of liability for the remaining defendants because of overlapping claims. This Court will allow the discovery of the settlement agreement and the accompanying agreements, if any; however, this Court will not require Gottlieb or Plaintiffs to provide any correspondence or documentation relating to the settlement negotiations. The negotiations themselves do not impact on the scope of liability and have no probative value. The settlement agreement, if any, is the culmination of the of the negotiations and any positions taken by the parties prior to any final agreement are

insignificant. Furthermore, if the negotiations were subject to disclosure, this would undermine the important policy of promoting settlement.

Moreover, the disclosure of a settlement agreement, if any, between Plaintiffs and Gottlieb can have no effect in deterring a settlement between Plaintiffs and Gottlieb because Gottlieb has already been dismissed with prejudice. Similarly, other courts have distinguished between situations in which two parties have settled and situations where the parties have not. *Bennett*, 112 F.R.D. at 140 (finding that discovery of completed compromises will not deter settlement because "from the point of view of the settling parties, the deal is done"); *Bank Brussels Lambert* 1996 WL 71507 at 6 n.1 (noting that disclosure of ongoing settlement negotiations might have an adverse impact on the settlement process, but the documents at issue concerned an executed agreement); *Tribune*, 1996 WL 337277 at 3 (stating that discovery of a settlement agreement would not frustrate the policy of encouraging settlement because under the circumstances of the case, the parties have already settled). This Court agrees that the distinction between the settlement agreement and settlement negotiations has merit. Balancing the interests involved, Defendants are entitled to discovery of the documents giving rise to Gottlieb's dismissal in this case.

Gottlieb also argues future parties may be deterred from entering into settlement agreements if settlement agreements are later discoverable. This is a strong argument and in order to prevent any harm to the parties, the documents shall be produced pursuant to the existing protective order. The existence of a protective order will provide further protection

to Gottlieb and his interest in preserving the confidentiality of the basis for his dismissal in this litigation.

### III. CONCLUSION

For the foregoing reasons, **this Court grants in part and denies in part Kenneth Warren & Son, Ltd.'s motion to compel the production of documents requested in its second document request. The Court orders the production of all *in camera* documents produced to the Court. These documents shall be produced in accordance with the protective order entered in this case and they shall not be discussed with or disclosed to any non-party to this case without prior order of Court. Gottlieb is considered a party for these purposes.**

SO ORDERED THIS 17TH DAY OF OCTOBER 2001.

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies mailed to the following:**

Peter C. John
WILLIAMS MONTGOMERY & JOHN
20 North Wacker Drive
Suite 2100
Chicago, IL 60606
*Attorneys for Plaintiff*

Joseph J. Schiavone
BUDD LARNER GROSS, ROSENBAUM,
 GREENBERG & SADE
150 John F. Kennedy Parkway
Short Hills, NJ 07078
*Attorneys for Plaintiff*

Jack J. Carriglio
Eric E. Newman
MECKLER BULGER & TILSON
8200 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
*Attorneys for Kenneth Warren & Sons, Ltd.*

David J. Levtin
LETVIN & STEIN
541 North Fairbanks Court
Suite 2121
Chicago, IL 60611
*Attorneys for Bein & Fushi, Inc.*

Robert I. Berger
Gregory E. Ostfeld
ALTHEIMER & GRAY
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
*Attorneys for Howard Gottlieb*